UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAN CHERNER, on his own behalf and on behalf of
all others similarly situated,

        Plaintiff,

v.

WELLS FARGO BANK, N.A., and WELLS FARGO
HOME MORTGAGE,

        Defendants.

18 CIV

COMPLAINT

JURY DEMAND

## COMPLAINT

1. Plaintiff, Dan Cherner, brings this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et. seq. and regulations thereunder (commonly known as Regulation X), and the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et. seq.), to remedy numerous violations of law under these statutes and regulations. Plaintiff contends that the defendant willfully, knowingly, and negligently reported inaccurate information on a mortgage delinquency to the credit reporting agencies on a monthly basis for over 7 years, and continues to do so. Plaintiff also contends that, with respect to a foreclosure action on that mortgage, defendant illegally engaged in dual-tracking with respect to the foreclosure action on that mortgage, which is expressly forbidden.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367; 15 U.S.C. §§ 1681n, 1681o, 1681p ("Fair Credit Reporting Act" provisions); 12 U.S.C. § 2605(f) and 12 CFR

1024.41(a), (f) ("Real Estate Settlement Procedures Act" provisions and Regulation X provisions). Plaintiff's state law claims are brought pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1), (b)(2), (b)(3),and (c), because the defendant can be found and transacts business in this judicial district, and because a substantial part of the events giving rise to the claims occurred in this judicial district.

## PARTIES

4. Plaintiff Dan Cherner is a citizen of the United States and resident of the State of New York.

5. Defendant Wells Fargo Bank N.A. is a national bank and federally insured financial institution with its principal place of business in California. Wells Fargo Bank N.A. is the parent company of Wells Fargo Home Mortgage, a mortgage lender headquartered in Des Moines, Iowa, with branches and offices in all 50 states.

## STATEMENT OF FACTS

6. Plaintiff purchased a residential property located in New Rochelle, New York in 2005. In order to purchase this property, plaintiff obtained, in part, a primary mortgage and a HELOC from defendants. Plaintiff's ex-spouse was a co-borrower.

7. In or around May, 2009, the primary mortgage became delinquent, and, around 2008-2009, the property taxes became delinquent as well, due to plaintiff's ex-spouse engaging in a scheme to enrich herself by refusing to help pay expenses on the subject property, including the primary mortgage and property taxes.

8. As a result of this delinquency, defendants brought a foreclosure action against plaintiff in New York State Supreme Court (index # 19175/09). Plaintiff was able to successfully obtain a loan modification of the primary mortgage, which went into effect on or around August, 2010. As a result of this loan modification, this foreclosure action was eventually discontinued, with a Discontinuance of the action filed on February 29, 2012.

9. When the loan modification occurred, defendants required escrow, but failed to properly escrow all of the property taxes on the property.

10. Although the loan modification was completed and payments remained current after August 2010, property taxes remained delinquent. Plaintiff tried on several occasions to have defendants pay property taxes that were in arrears (as interest was accruing on past due property taxes at a rate of approximately 24% annually), but was unable to get defendants to do so.

11. Meanwhile, plaintiff's ex-spouse continued to use the property for her own profit and benefit, while refusing to help pay a proper share of expenses.

12. As soon as plaintiff was able, he began to pay current and back property taxes and accrued interest, so that, from late 2011 to early 2013, plaintiff paid some $78,000 in current and back property taxes and interest on the subject property (which had about $24,000 in annual property taxes).

13. Meanwhile, in 2013, the waiting period under New York law was due to expire, for the municipality to commence an in rem proceeding against the property; if successful, such an in rem proceeding would eliminate defendants' security interest in the subject property.

14. When the municipality sent a notice of in rem proceeding to plaintiff and defendants, in the summer of 2013, defendants finally took action and paid the remaining approximate $95,000 in delinquent property taxes and interest, in or around August 2013.

15. Defendants proceeded to re-calculate escrow, based on this payment, and the monthly payment increased from approximately $2,000 to approximately $5,000.

16. As a result of this action, plaintiff was no longer able to make full monthly payments. Plaintiff tried to make partial payments, as the note required defendants to accept partial payments, but defendants refused to do so.

17. Plaintiff's ex-spouse then refused to pay any expenses at all, starting in December, 2013, and she and her dishonest, unethical attorney forwarded a false narrative during the matrimonial proceeding between plaintiff and his ex-spouse, in which they tried to blame plaintiff for the foreclosure proceeding.

18. When plaintiff sought *pendente lite* relief in that action, so as to prevent the subject property from going into foreclosure, the jurist in that action participated in the wrongdoing, and refused to even consider plaintiff's motion for *pendente lite* relief. In short, plaintiff's ex-spouse, her dishonest, unethical attorney, and the jurist in the matrimonial action, all acted to push the primary mortgage held by defendants into further delinquency and eventual foreclosure.

19. Indeed, defendants filed a foreclosure action against plaintiff in 2015 in New York State Supreme Court (index # 50369/15).

20. At the outset of that foreclosure action, defendants agreed to consider a possible loan modification for plaintiff, including but not limited to a loan modification and forbearance agreement, a reinstatement, or a deed in lieu ("loss mitigation options"), so as to avoid foreclosure.

21. As the result of such agreement, plaintiff provided defendants, at defendants' request, full updated financial documents and other loan modification documents requested by defendants.

22. Despite such actions and such active pursuit of a loan modification (i.e., loss mitigation options) by plaintiff and defendants, defendants nevertheless filed a motion for summary judgment in January, 2016.

23. Summary judgment was eventually granted. Although plaintiff and defendants still actively worked on a loan modification (i.e. loss mitigation options) so as to avoid foreclosure, defendants made a motion for a judgment of foreclosure and sale in August, 2017.

24. That judgment was granted in October, 2017, and a result, the property was sold at foreclosure on January 11, 2018; defendants were the purchaser of the property.

25. During this entire time, plaintiff never received any notice in writing from the defendants regarding any of the loan modification options under consideration.

26. Plaintiff tried for over 2 years to obtain a loan modification (i.e. loss mitigation option), and to work with defendants in this regard, so as to avoid foreclosure. Despite repeated assurances from defendants that they were working on a potential loan modification so as to avoid foreclosure, defendants proceeded to file for summary judgment and then judgment. As

recently as the week of the foreclosure sale, plaintiff spoke to defendant's counsel and sought a consent to a stay to try to work out a loan modification. Defendant's counsel informed plaintiff that defendants refused to consent to such a stay.

26. Meanwhile, defendants have claimed that, since the loan modification in 2010, plaintiff is no longer a "borrower" on the primary mortgage, yet defendants have been reporting the delinquency on plaintiff's credit report since on or about November 2013, and, upon information and believe, continue to do so.

27. Throughout the purchase and ownership of the subject property by plaintiff, he paid approximately $500,000 of his money (down payment, improvements, expenses) on the property, and plaintiff has now suffered losses as the result of the improper acts of defendants.

## CLASS ALLEGATIONS

28. In 2013, Regulation X, the enacting regulatory scheme under the Real Estate Settlement Procedures Act ("RESPA") was amended to prohibit dual tracking, where the creditor goes forward with foreclosure proceedings even though loss mitigation options are being pursued. *See* 12 CFR § 1024.41(f).

29. Upon information and belief, defendants regularly violate 12 CFR § 1024.41(f), in that they proceed with summary judgements and judgments in foreclosure actions, while simultaneously working on loss mitigation options with the borrowers, without resolving the possibility of loss mitigation and doing so within the timeframes required by Regulation X.

30. Upon information and belief, the class of such individuals who have experienced such violations of Regulation X by defendants is so numerous that joinder of all members is impracticable.

31. There are questions of law or fact which are common to such class.

32. The claims of plaintiff are typical of the claims of the class.

33. Plaintiff will fairly and adequately protect the interests of the class.

### AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF 12 CFR § 1024.41

34. Plaintiff repeats and realleges paragraphs 1 through 33 above as though set forth herein.

35. In 2013, Regulation X, the enacting regulatory scheme under the Real Estate Settlement Procedures Act ("RESPA") was amended to prohibit dual tracking, where the creditor goes forward with foreclosure proceedings even though loss mitigation options are being pursued. *See* 12 CFR § 1024.41(f).

36. Despite the fact that 12 CFR § 1024.41 prohibited defendants from proceeding with a motion for summary judgment motion, defendants proceeded to file for summary judgment, in violation of 12 CFR § 1024.41.

37. Plaintiff is entitled to damages pursuant to RESPA § 6(f), 12 U.S.C. § 2605(f), which provides for a private cause of action for violations of the dual tracking prohibition.

### AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF 12 CFR § 1024.41

38. Plaintiff repeats and realleges paragraphs 1 through 37 above as though set forth herein.

39. In 2013, Regulation X, the enacting regulatory scheme under the Real Estate Settlement Procedures Act ("RESPA") was amended to prohibit dual tracking, where the creditor

goes forward with foreclosure proceedings even though loss mitigation options are being pursued. *See* 12 CFR § 1024.41(f).

40. Despite the fact that 12 CFR § 1024.41 prohibited defendants from proceeding with a motion for summary judgment motion, defendants proceeded to file for a judgment of foreclosure and sale, in violation of 12 CFR § 1024.41.

41. Plaintiff is entitled to damages pursuant to RESPA § 6(f), 12 U.S.C. § 2605(f), which provides for a private cause of action for violations of the dual tracking prohibition.

### AS AND FOR A THIRD THROUGH FIFTY-FOURTH CAUSE OF ACTION
### CONTINUING VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

42. Plaintiff repeats and realleges paragraphs 1 through 41 above as though set forth herein.

43. Defendants reported delinquencies on a monthly basis to plaintiff's credit report, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, and, specifically, in violations of 15 U.S.C. §§ 1681n and 1681o.

44. Plaintiff is entitled to damages for violations of the Fair Credit Reporting Act.

### AS AND FOR A THIRD THROUGH FIFTY-FOURTH CAUSE OF ACTION
### CONTINUING VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

42. Plaintiff repeats and realleges paragraphs 1 through 41 above as though set forth herein.

43. Defendants reported delinquencies on a monthly basis to plaintiff's credit report, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, and, specifically, in violations of 15 U.S.C. §§ 1681n and 1681o.

44. Plaintiff is entitled to damages for violations of the Fair Credit Reporting Act.

## AS AND FOR A FIFTY-FIFTH CAUSE OF ACTION
## NEW YORK'S GENERAL BUSINESS LAW § 349

45. Plaintiff repeats and realleges paragraphs 1 through 44 above as though set forth herein.

46. Defendants have engaged in deceptive acts and practices in the conduct of their business, in failing to make determinations as to loss mitigation, failing to resolve loss mitigation options before foreclosing on plaintiff's property, and intentionally and negligently making regular derogatory reporting to plaintiff's credit report, all in violation of New York's General Business Law § 349.

47. Plaintiff is entitled to damages for violations of New York's General Business Law § 349.

## PRAYER FOR RELIEF

48. Plaintiff requests the following relief:

(a) On the First and Second causes of action, actual damages as permitted by law, including for the proposed class;

(b) On the Third through Fifty-Fourth causes of action, damages as permitted by law;

(c) On the Fifty-Fifth cause of action, damages as permitted by law;

(d) On all causes of action, punitive damages as permitted by law;

(e) On all causes of action, attorney's fees and costs and interest as permitted by law;

(f) An order enjoining defendants from transferring, selling, or otherwise disposing of the subject property during the pendency of this action;

(g) An order designating plaintiff as representative of the class;

(h) An order entering judgment in favor of plaintiff and the class against the defendants;

(i) Such other and further relief as the Court may deem appropriate.

Respectfully submitted,

THE CHERNER FIRM
By: Dan Cherner (DC-1905)
411 Theodore Fremd Ave. Suite 206 So.
Rye, NY 10580
(212) 343-3625
fedctsdc@gmail.com

Dated: February 12, 2018
      Rye, New York